**2014-5134**

In The

# United States Court of Appeals

### For The Federal Circuit

# TERESA NAN LUCREE,

*Plaintiff – Appellant,*

**v.**

# UNITED STATES,

*Defendant – Appellee.*

**APPEAL FROM THE UNITED STATES COURT OF FEDERAL CLAIMS
IN CASE NO. 1:14-CV-00308-CFL, JUDGE CHARLES F. LETTOW.**

_____

## BRIEF OF APPELLANT

_____

Frank A. Lukasik
FRANK A. LUKASIK, J.D.
1550 Killingsworth Way
Apartment 246
The Villages, Florida  32162
(352) 674-3637

*Counsel for Appellant*                    *Dated:  October 14, 2014*

**THE LEX GROUP**DC ♦ 1825 K Street, N.W. ♦ Suite 103 ♦ Washington, D.C.  20006
(202) 955-0001 ♦ (800) 856-4419 ♦ Fax: (202) 955-0022 ♦ www.thelexgroup.com

**Form 9**

FORM 9.   Certificate of Interest

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

LUCREE _____ v. US _____

No. 2014-5134

## CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party)

TERESA NAN LUCREE _____ certifies the following (use "None" if applicable; use extra sheets if necessary):

1.      The full name of every party or amicus represented by me is:

TERESA NAN LUCREE

_____

2.      The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

NONE

_____

3.      All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

NONE

_____

4.  ☑   The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

FRANK A. LUKASIK OF FRANK A. LUKASIK, J.D.

_____

8/26/2014 _____          /s/ Frank A. Lukasik _____
Date                                Signature of counsel

                                    FRANK A. LUKASIK _____
                                    Printed name of counsel

Please Note: All questions must be answered

cc: _____

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................... ii

STATEMENT OF RELATED CASES ................................................. iv

JURISDICTIONAL STATEMENT ....................................................... 1

STATEMENT OF ISSUES .................................................................. 3

STATEMENT OF THE CASE ............................................................. 5

SUMMARY OF THE ARGUMENT ................................................... 10

STANDARD OF REVIEW ................................................................ 12

ARGUMENT ................................................................................... 13

    I.    CONGRESS LEGISLATION REQUIRING PATENT FEES
          AND MAINTAINING A PATENT ARE SUBJECT TO
          CONSTITUTIONAL LIMITATIONS ............................................... 13

    II.   CONGRESS LEGISLATION FOR FIRST TO FILE IS
          SUBJECT TO CONSTITUTIONAL LIMITATIONS ..................... 16

CONCLUSION ................................................................................ 19

ADDENDUM

CERTIFICATE OF FILING AND SERVICE

CERTIFICATE OF COMPLIANCE

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASE

Figueroa v. United States,
66 Fed. Cl. 139 (2005), aff'd,
466 F.3d 1023 (Fed. Cir. 2006) ..........................................................7, 12, 13

## CONSTITUTIONAL PROVISIONS

U.S. Const. amend. V ...............................................................1, 5, 6, 12

U.S. Const. art. I, § 8 .........................................................................8

U.S. Const. art. I, § 8, cl. 8 ...........................................................passim

## STATUTES

28 U.S.C. § 1491 ...........................................................................1, 5

28 U.S.C. § 1491(a)(1)......................................................................12

28 U.S.C. § 1498............................................................................2, 6

35 U.S.C. § 41 ...............................................................................12

35 U.S.C. § 41(b) ..........................................................................1, 5

## OTHER AUTHORITIES

"First-to-File vs. First-to-Invent: Who Really Benefits from Changing the
U.S. Patent System?" *General Patent Corporation*. General Patent
Corporation, Oct. 2007, available at http://www.generalpatent.com/first-file-
vs-first-invent-who-really-benefits-changing-u-s-patent-system ..................... 17-18

FY 2001 USPTO Annual Report 2001, Results of Operations, available at
http://www.uspto.gov/about/stratplan/ar/2001/03e2_resultsofops.jsp ..........7, 14, 15

H.R. 6933 ................................................................................................................7

Notice of Expiration of Patents Due to Failure to Pay Maintenance Fee,
1383 OG 232 (October 16, 2012), available at
http://www.uspto.gov/web/offices/com/sol/og/2012/week42/TOC.htm......... 7-8, 15

## STATEMENT OF RELATED CASES

<u>Michels v. United States</u>, 72 Fed. Cl. 426 (2006).

There was no appeal.

No other case known to counsel.

# JURISDICTIONAL STATEMENT

This is an Action for damages for a sum within the jurisdictional limits of the Court of Federal Claims for the taking of private property without compensation.  (28 U.S.C. § 1491).  The unconstitutional taking was authorized by Public Law 35 U.S.C. § 41(b) which directs the Commissioner of Patents to establish a schedule of fees for Patent Office services including application and Maintenance Fees.  Unless payment of the applicable Maintenance Fee is received in the U.S. Patent Office on or before the date the fee is due or within the grace period of six months thereafter, the Patent will expire as of the end of such grace period.

Appellant asserted subject matter for damages for a sum within the jurisdictional limits of the Court, for the taking of private property without compensation (28 U.S.C. § 1491) in violation of the Fifth Amendment to the U.S. Constitution.  The unconstitutional taking was authorized by Public Law:  35 U.S.C. § 41(b) which directs the Commissioner of Patents to establish a schedule of fees for Patent Office services including application and maintenance fees and Appellee denied that the subject matter existed.

The revenues from such fees to be available to carry out the activities of the Patent and Trademark Office.  Unless payment of the applicable maintenance fees is received in the USPTO on or before the fee is due, or within the grace period of

six months thereafter, the patent will expire as of the end of such grace period. Thus although the Patent is issued and effective for 20 years, if a Maintenance Fee is not paid, the Patent expires (lapses). The taking is the same as the Government taking under 28 U.S.C. § 1498.

Appellant asserted that Congress's adoption of another European Patent policy, "First to File" violates the Constitution's "First to Invent" policy. The Court rejected the plea on the basis that Ms. Lucree did not have standing to challenge the "First to File" where its alleged harms were speculative and not actual.

This appeal is from a final order of dismissal. A1-6, A7. Appellant's Notice of Appeal was timely filed on August 7, 2014. A102-126.

## STATEMENT OF ISSUES

I.      Did the Federal Claims Court err in dismissing the Challenge to Congress's authority to impose patent Maintenance Fees under the Intellectual Property Clause of the Constitution, (art. I, § 8, cl. 8); claim akin to illegal exaction, takings claim?

II.     Did the Federal Claims Court err in avouching that the "Maintenance Fees" and the Patent System put in place "Do Not conflict with the Constitution"?

III.    Did the Federal Claims Court err in finding that Congress's determination of Federal spending priorities and how the Patent System fit into National Development Goals is an eminently "**Rational**" exercise of its power?

IV.     Did the Federal Claims Court err in finding that the early expiration of her Patent did not constitute a taking by the Government, but rather was consequence for her failure to fulfill the requirements upon which her Patent was conditioned?  These circumstances do not entitle Ms. Lucree to legal relief, and her complaint may be properly dismissed for failure to state a claim.

V.      Did the Federal Court of Claims err in declining the challenge of the "**First to File**" system given the Court's deference to Congressional discretion over Patent Legislation?

VI.     Did the Federal Claims Court err in determining that the expiration (lapsing) of over 1,350 Patents on Tuesday of every week (70,200 per year) for

nonpayment of "Maintenance Fees" are "**RATIONALLY**" related to the

promotion of "**PROGRESS**" in "**Science and the Useful Arts**"?

## STATEMENT OF THE CASE

Appellant Teresa Nan Lucree seeks to recover damages from the United States for the early expiration (lapsing) of her Patent in 2010, which results from her failure to pay statutory-mandated maintenance fees.  In the Complaint, Ms. Lucree challenges Congress's authority to impose maintenance fees and argues that the practice results in illegal exaction and a taking of private property without compensation in contravention of the Fifth Amendment to the United States Constitution.  The Government's Motion to Dismiss was granted.

The Complaint was filed on April 16, 2014.  (A11-36).  Defendant's Motion to Dismiss was filed on June 16, 2014.  (A70-78).  Ms. Lucree's Reply Brief was filed July 7, 2014.  (A79-93).  Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss was filed on July 24, 2014.  (A97-101).  The U.S. Court of Federal Claims' Opinion and Order was filed on July 31, 2014.  (A1-6, A7).  The Notice of Appeal was filed on August 7, 2014.  (A102-114).

This is an action for damages for a sum within the jurisdictional limits of the Court of Federal Claims for the taking of private property without compensation (28 U.S.C. § 1491) in violation of the Fifth Amendment of the U.S. Constitution. This Appeal is from a final order of dismissal.  A1-7.

The unconstitutional taking was authorized by Public Law:  35 U.S.C. § 41(b) which directs the Commissioner of Patents to establish a schedule of fees

for Patent Office services, including application and <u>maintenance</u> fees.  Unless

payment of the applicable Maintenance Fee is received in the U.S. Patent Office on

or before the date the fee is due, or within the grace period of six months

thereafter, the Patent will lapse (<u>expire</u>) as of the end of such grace period.  Thus,

although the patent is issued and effective for 20 years, if a maintenance fee is not

paid, the Patent expires.  The taking is the same as the Government taking under 28

U.S.C. § 1498.  A19.

The basic issue of this appeal is the "expiration of a Patent issued and active

for seventeen years which **lapse "expires"** after four, eight, or twelve years for

nonpayment of the Maintenance Fee.  Ms. Lucree's Patent expired for nonpayment

of the twelve year Maintenance Fee and she seeks to recover damages from the

United States for the early "expiration" of her Patent in 2010, which resulted from

the failure to pay statutory-mandated Maintenance Fees.  In the Complaint, Ms.

Lucree challenges Congress's authority to impose Maintenance Fees and argues

that the practice results in an illegal "exaction" and a taking of private property

without compensation in contravention of the Fifth Amendment to the Constitution.

As stated in the Opinion:

> Given the broad terms of the Intellectual Property Clause of the
> Constitution, any condition Congress imposes on patents need only be
> **rationally related** to the promotion of **progress in science and the
> useful arts** to survive judicial scrutiny.

A5 (emphasis added).

6

Any intellectual property law Congress passes need only survive the limited scrutiny of the rational basis test as to whether **it promotes the progress of science and the useful arts.**

Figueroa v. United States, 66 Fed. Cl. 139, 152 (2005), aff'd, 466 F.3d 1023 (Fed. Cir. 2006) (emphasis added).

"In granting an inventor a temporary Patent, the public is given **permanent** and **valuable consideration**.  In exchange for the limited grant, inventors must fully disclose their invention for all the world to see, study, replicate, and make improvements thereon."  A51.  The public receives the benefits of the Patent without paying a cent for the privilege.

In passing H.R. 6933, the Floor remarks from the House of Representatives contains the following statement by Mr. Miller of Ohio:

We organized the payment in the **European method** so that the small inventor can determine how useful his invention really is, does it have a payoff in subsequent years…

A21.

The major issue is whether the "expiration of over 1,350 Patents on Tuesday of every week for nonpayment of the Maintenance Fee (70,200 per year) are "**Rationally**" related to the constitutional power of the Congress, to the promotion of "**Progress**" in "**Science and the Useful Arts**"  See FY 2001 USPTO Annual Report 2001, Results of Operations, available at http://www.uspto.gov/about/ stratplan/ar/2001/03e2_resultsofops.jsp and Notice of Expiration of Patents Due to

Failure to Pay Maintenance Fee, 1383 OG 232 (October 16, 2012), available at

http://www.uspto.gov/web/offices/com/sol/og/2012/week42/TOC.htm.

A second issue to be decided is the constitutionality of recent Congressional

Legislation policy "**First to File**".  The Court rejected Ms. Lucree's plea on the

basis that she did not have standing to challenge the policy on the basis that she did

not have standing to challenge the policy where its alleged harms were speculative

and not actual.  On the contrary, Ms. Lucree is currently working on improvements

to her invention and will likely file a Patent Application.  The "**First to Invent**"

system is deeply rooted in the U.S. Constitution.  Article I, § 8.  The Constitution

grants Congress the power to secure exclusive rights, i.e. to grant patents to

inventors, not winners of the race to the Patent Office.

The United States Patent System is based on a unique "First-to-Invent"

doctrine which means that the Inventor who first "conceived" of the invention and

then diligently, "reduced it to practice" by filing a Patent Application (or actual

reduction to practice) is considered the first inventor and is entitled to Patent

protection.  An Inventor can hardly be defined as the one who is "first to file" a

Patent application.  Replacing the **first** inventor with the first **filer** may not be what

the Framers of the Constitution had in mind.  Other countries which have "First to

File" systems do not have this problem because their Patent laws are not rooted in

their respective Constitutions.

It is constructive that the Copyright, another form of intellectual property protection stemming from the same Clause of the Constitution, vests with its owner as soon as the creative idea is fixed in a tangible form, not when the Copyright is registered.

The **<u>First to File</u>** is so consistently and unmistakably biased in favor of large corporations that the purported motivation for the change to the First to File system must be viewed with deep suspicion and should be declared unconstitutional.

The Government's Motion to Dismiss the Complaint was granted on July 31, 2014.  A1-6, A7.

# SUMMARY OF THE ARGUMENT

Congress's legislation requiring patent fees for obtaining and maintaining a Patent are subject to Constitutional limitations.  Ms. Lucree prays that this Court grant this relief with damages and any other relief that it deems proper.

Supreme Court precedent holds that Congress's power under the Patent Clause is limited to the **"promotion of advances in the useful arts."**  Appellant does challenge the authority of Congress to establish fees for "Maintaining" the Patent when the Patent Office does nothing but pay the cost of collecting the fees. Once the Patent is issued, the inventor has satisfied the requirement of "fully disclosing their invention for all the world to see, replicate, and make improvements thereon" as stated by James E. Rogan.  A51.  The Patent Office does not and cannot withdraw the publication to the whole world for nonpayment of the fee which causes the patent to lapse.

Using the Congress's logic of "destroying" the Patent for nonpayment of the Maintenance Fee

The Court should hold that the "Maintenance Fee", as currently collected, is "unconstitutional" and direct the Congress to devise a constitutional method to fund the Patent Office.

Adding a Maintenance Fee is unconstitutional since "lapsing" the Patent and taking the Patentee's property does not increase "Progress in Science and the

Useful Arts" in the United States as required by the Constitution and it makes the invention free to Foreign countries.

The Patent Office has been supported by the taxpayers for 200 years in exchange for their getting the "right to see, replicate, and make improvements thereon."

The most important part of the original claim is a decision to declare the **"<u>Maintenance Fees</u>"**, **"<u>Publication</u>"**, and **"<u>First to File</u>"**, as **"<u>Unconstitutional</u>"** and thus require the Congress to Repeal the Acts.

## STANDARD OF REVIEW

This Court has jurisdiction over Ms. Lucree's claims pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1) which grants the Court of Federal Claims "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department". Ms. Lucree seeks relief for the early expiration of her Patent under the Fifth Amendments Takings Clause, which prohibits "private property [from] be[ing] taken for public use, without just compensation. The challenge to the constitutionality of the maintenance fee provision of 35 U.S.C. § 41 also implicitly raises a claim of an illegal exaction, i.e. to recover money improperly paid, exacted, or taken in contravention of the Constitution. Figueroa v. United States, 466 F.3d 1023, 1029 (Fed. Cir. 2006).

## ARGUMENT

The Court of Federal Claims held that because Ms. Lucree did not pay the final maintenance fee due on her Patent, the early expiration of her Patent did not constitute a taking by the Government, but rather was a consequence for her failure to fulfill the requirements upon which her Patent was conditioned.  The Court said that "[g]iven the broad terms of the Intellectual Property Clause of the Constitution any condition Congress imposes on patents **need only be <u>RATIONALLY</u> related to the promotion of PROGRESS in science and the useful arts to survive judicial scrutiny."**  A5 (citing <u>Figueroa</u>, 66 Fed. Cl. at 152)(emphasis added).

The Court also held that Ms. Lucree did not establish that she has standing to challenge the Constitutionality of publishing patent applications eighteen months after filing and the Patent Office's transition to the "First to File" system which she contends harm small businesses and independent inventors.  The Court held that "even if standing were found, these claims would fail on the merits, given the Court's <u>deference</u> to congressional discretion over patent legislation."  A6.

## I.   CONGRESS LEGISLATION REQUIRING PATENT FEES AND MAINTAINING A PATENT ARE SUBJECT TO CONSTITUTIONAL LIMITATIONS.

The first question to answer is "What is a **Maintenance** Fee?"  In real estate, the residents or owners of the property in a specific area are charged for maintenance and operations of the commonly-owned property areas.  A credit card

13

maintenance fee is a monthly fee charged by some credit card issuers for the

monthly processing and billing of your credit card. In the case of the Patent

Maintenance Fee, it pays for the employees who process the Maintenance Fees.

The Patent owner does not receive any benefit from the fee.  The patentee pays the

fee or the Patent is destroyed for non-payment.  Expiring (destroying) the Patent

for nonpayment of the maintenance fee is like burning a house down for

nonpayment of taxes.

As stated in the dismissal, "[g]iven the broad terms of the Intellectual

Property Clause of the Constitution, any condition Congress imposes on patents

need only be rationally related to the promotion of progress in science and the

useful arts to survive judicial scrutiny."  This claim was dismissed because it did

not meet the "rationally related" test.

The USPTO's Annual Report of 2001, shows examples of how the

"Maintenance Fees" meet the "rationally related" test.  The chart below shows the

"Patent Renewal Rates for FY 1998 to 2001.

| PATENT RENEWAL RATES | FY 1998 | FY 1999 | FY2000 | FY2001 |
|---|---|---|---|---|
| First Stage (end of 3rd year after patent is issued) | 81.8% | 83.1% | 84.3% | 84.5% |
| Second Stage (end of 7th year after patent is issued) | 56.6% | 57.9% | 59.4% | 59.9% |
| Third Stage (end of 11th year after patent is issued) | 36.1% | 37.7% | 38.8% | 39.1% |

See FY 2001 USPTO Annual Report 2001, Results of Operations, available at

http://www.uspto.gov/about/stratplan/ar/2001/03e2_resultsofops.jsp.  Looking at

FY 2001, the first stage renewal (4 years – 84.5%); second stage renewal (8 years – 59.9%) and third stage renewal (12 years – 39.1%).

The Official Gazette of the USPTO's October 16, 2012 "Notice of Expiration of Patents Due to Failure to Pay Maintenance Fee", shows Patent numbers running from 6,108,818 to 7,418,726. (Available at http://www.uspto.gov/web/offices/com/sol/og/2012/week42/TOC.htm). When printed, the Notice totals 30 pages with 50 patents on each page. Following is an estimate of each of the end of life Patents listed in the Notice

| 12 years | 11 pages | @50/page | 550 expire |
| 8 years | 10 pages | @50/page | 500 expire |
| 4 years | 6 pages | @50/page | 300 expire |
| | | TOTAL | 1,350 expired |

**SUMMARY:**

1,350 Patents x 52 weeks = 70,200 expired Patents per year.

**QUESTION:**

Does this meet the Claims Court test that Patents **"need only be RATIONALLY related to the promotion of PROGRESS in science and the useful arts to survive judicial scrutiny"**? Expiring, lapsing, eliminating, etc. 70,000 Patents each year does not promote the **PROGRESS** in science and the useful arts.

The Court is respectfully requested to declare the Maintenance Fees as Unconstitutional and thereby revoked and the claimed damages be awarded. The

Congress should be directed to amend the Patent statutes and devise a method to raise funds without reducing the number of Issued Patents.

## II. CONGRESS LEGISLATION FOR FIRST TO FILE IS SUBJECT TO CONSTITUTIONAL LIMITATIONS.

Congress adoption of another European Patent policy "The First to File" violates the Constitution's "First to Invent" policy. The Court rejected Ms. Lucree's plea on the basis that she did not have standing to challenge the "First to File" where its alleged harms were speculative and not actual. On the contrary, Ms. Lucree is currently working on improvements to her invention and will likely file a Patent Application. Furthermore, as an Officer of the Edison Inventors Association she has the obligation to protect the member's inventions. As far as Political consideration is involved, large corporations generally supported the Bill, Independent inventors opposed the Bill. Corporations have the funds available for Patent Attorney employees. Under the "First To File" regime, large corporations with well-established invention disclosure procedures and armies of in-house attorneys will always beat a lone inventor in the race to the Patent Office, thus placing small and independent inventors at a severe disadvantage. The proponents of the change from "First To Invent" to "First To File" argued that it is important for the U.S. to harmonize its patent laws with the rest of the world, however, they did not consider its effect on the Constitution.

It is therefore requested that the court consider the Constitutionality of the First to File Legislation and declare it unconstitutional. Another negative aspect of the First to File system can be shown by comparing the European patents with the United states patents. In a rush to file first, the Foreign inventor does not spend as much time developing and preparing the Patent application as a United States inventor would, thus not complying with the Constitutional requirement "to fully disclose the invention for all the world to see, study, replicate, and make improvements thereon" as stated by James E. Rogan at A51.

There are three important dates in the process of Patenting an invention: the date of conception, the date of actual reduction to practice, and the date of constructive reduction to practice. The date of conception is when the Inventor first conceived the invention in this complete form. The date of actual reduction to practice is when the inventor built a working model of the prototype. The date of Constructive Reduction to Practice is when the Inventor filed a Patent Application. Among the advantages of the U.S. "First to Invent" system is that it rewards the first inventor not the winner of the race to the Patent Office. Replacing the first Inventor with the first filer, may not be exactly what the Framers of the Constitution had in mind.

A publication by General Patent Corporation discusses the impact of First To File on the United States Patent System. See "First-to-File vs. First-to-Invent:

Who Really Benefits from Changing the U.S. Patent System?" *General Patent*

*Corporation*. General Patent Corporation, Oct. 2007, available at

http://www.generalpatent.com/first-file-vs-first-invent-who-really-benefits-

changing-u-s-patent-system.

# CONCLUSION

For the reasons stated above, Ms. Lucree requests that the judgment of the Court of Federal Claims be reversed and the case be remanded to be heard on its merits.

Respectfully submitted,

/s/ Frank A. Lukasik
Frank A. Lukasik
FRANK A. LUKASIK, J.D.
1550 Killingsworth Way, Apt. 246
The Villages, Florida  32162
(352) 674-3637
flpatlaw@yahoo.com

*Counsel for Appellant*

# ADDENDUM

## TABLE OF CONTENTS

**Addendum Page**

Opinion and Order of
The Honorable Charles F. Lettow
Re:  Granting Defendant's Motion to Dismiss Plaintiff's Complaint
      filed July 31, 2014 ...........................................................................................1

Judgment
      filed July 31, 2014 ...........................................................................................7

# In the United States Court of Federal Claims

No. 14-308C

(Filed: July 31, 2014)

**************************************

| | | |
|---|---|---|
| **TERESA NAN LUCREE,** | ) | Challenge to Congress's authority to |
| | ) | impose patent maintenance fees under the |
| | ) | Intellectual Property Clause of the |
| **Plaintiff,** | ) | Constitution, art. I, § 8, cl. 8; claim akin to |
| | ) | illegal exaction; takings claim |
| v. | ) | |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**************************************

Frank A. Lukasik, The Villages, Florida, for plaintiff.

Sonia M. Orfield, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the briefs were Stuart F. Delery, Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. Of counsel were Heidi Bourgeois, Office of General Law, and William LaMarca, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, Virginia.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff Teresa Nan Lucree seeks to recover damages from the United States for the early expiration of her patent in 2010, which resulted from her failure to pay statutorily-mandated maintenance fees.[1] In her complaint, Ms. Lucree challenges Congress's authority to impose

---

[1]The complaint, filed April 16, 2014, lists nine additional individuals as "party or amicus" in this case, each of whom supposedly had patents that also expired as a result of unpaid maintenance fees. Joinder of these individuals would be improper under the terms of Rule 20(a) of the Rules of the Court of Federal Claims ("RCFC"). Although "[m]isjoinder of parties is not a ground for dismissing an action," RCFC 21, these other persons would not have a claim cognizable in this court. Each of the other individuals' patents expired between 1998 and 2006, putting their claims outside the six-year statute of limitations for actions commenced against the

1

maintenance fees and argues that the practice results in an illegal exaction and a taking of private property without compensation in contravention of the Fifth Amendment to the United States Constitution. Pending before the court is the government's motion to dismiss Ms. Lucree's complaint pursuant to RCFC 12(b)(6). For the reasons stated, the government's motion is GRANTED.

## BACKGROUND

In the course of applying for and securing a patent, applicants must pay several fees, including filing fees, issue fees, and maintenance fees. *See* 35 U.S.C. § 41.[2] Of relevance here, patent holders must pay maintenance fees to the United States Patent and Trademark Office ("USPTO") three times during the lives of their issued patents to keep them in force. *Id.* § 41(b)(1) ("The [USPTO] Director shall charge . . . fees for maintaining in force all patents . . . [at] [t]hree years and 6 months after grant, . . . [at] [s]even years and 6 months after grant, . . . [and at] [e]leven years and 6 months after grant."). If a patent holder fails to pay maintenance fees within six months of the statutory deadlines, their pertinent patent expires. *Id.* § 41(b)(2).[3]

Ms. Lucree paid the first and second required maintenance fees for her patent, U.S. Patent No. 5,791,732 (filed May 19, 1997) (issued Aug. 11, 1998), but failed to pay the third and final fee, resulting in the patent's expiration on August 11, 2010, after a six-month grace period, eight years earlier than anticipated. *See* Compl. at 3-4; 1358 Off. Gaz. Pat. & Trademark Office No. 4 (Sept. 28, 2010). Ms. Lucree made no attempt to dispute her nonpayment or to seek a revival of her patent. *See* Def.'s Mot. at 4. Rather, she filed suit in this court, challenging the constitutionality of maintenance fees and Congress's ability to attach conditions to patents that have been issued. Compl. at 12, 16. She contends that such conditions violate the property interests of patent holders in their patents by enabling the government to take their patents before their expiration date and place them in the public domain. *Id.* at 16.

The government seeks dismissal of Ms. Lucree's complaint on the ground that Congress's well-settled authority to legislate patent fee requirements renders post-issuance conditions, such as maintenance fees, constitutional. Def.'s Mot. at 5-7. In the government's view, because conditions are permissible, there is no taking when patents expire due to unpaid maintenance fees. *Id.* at 7-8 ("Ms. Lucree had no property to be taken once the patent lapsed due to nonpayment of the maintenance fees."). Ms. Lucree accepts Congress's general authority to impose conditions on patents but contends that Congress exceeded its authority by requiring

---

United States. 28 U.S.C. § 2501. Consequently, the claims of the other nine individuals are dismissed, and the court will treat Ms. Lucree as the sole plaintiff.

[2]Filing fees are prescribed in 35 U.S.C. § 41(a). Other provisions of Section 41 specify examination fees, issue fees, appeal fees, revival fees, and maintenance fees, among others. *See Id.* § 41(a)(3), (4), (6), (7) and (b). Fees are reduced for small businesses. *See id.* § 41(h).

[3]"The Director may accept the payment of any maintenance fee required by subsection (b) after the 6-month grace period if the delay is shown to the satisfaction of the Director to have been unintentional." 35 U.S.C. § 41(c)(1). In such cases, patents are "revived" and a revival fee is due. *Id.* § 41(a)(7); *see also* Def.'s Mot. to Dismiss ("Def.'s Mot.") at 4, ECF No. 5.

maintenance fees. *See* Reply Brief of Teresa Nan Lucree ("Pl.'s Opp'n") at 5, 10, ECF No. 6. Maintenance fee requirements, she contends, improperly adopt a European approach to patent law that allows the government to take the personal property of patent-holders who fail to pay additional fees on property that they own. *Id.* at 8-10, 12.

## JURISDICTION

This court has jurisdiction over Ms. Lucree's claims pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1), which grants the Court of Federal Claims "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Nonetheless, the Tucker Act does not create a substantive right to monetary relief. *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, a plaintiff must point to an additional source of law that mandates compensation by the federal government for any damages sustained. *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983) (citing *Testan*, 424 U.S. at 400). Here, Ms. Lucree seeks relief for the early expiration of her patent under the Fifth Amendment's takings clause, which prohibits "private property [from] be[ing] taken for public use, without just compensation." U.S. Const. amend. V. A claim for just compensation is a claim for money damages cognizable under the Tucker Act. *Preseault v. Interstate Commerce Comm'n*, 494 U.S. 1, 11-13 (1990); *Narramore v. United States*, 960 F.2d 1048, 1051 (Fed. Cir. 1992). Ms. Lucree's challenge to the constitutionality of the maintenance-fee provisions of 35 U.S.C. § 41 also implicitly raises a claim of an illegal exaction, *i.e.*, to recover money improperly paid, exacted, or taken from her in contravention of the Constitution when she paid the first two maintenance fees that were due under 35 U.S.C. § 41(b). A claim based upon an illegal exaction pursuant to an asserted statutory power may be maintained under the Tucker Act. *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572-73 (Fed. Cir. 1996); *Eastport S. S. Corp. v. United States*, 372 F.2d 1002, 1007-08 (Ct. Cl. 1967); *see also Figueroa v. United States*, 466 F.3d 1023, 1029 (Fed. Cir. 2006) (ruling that a patent holder had standing to challenge the legality of patent fees that he had paid).

## STANDARD FOR DECISION

To avoid dismissal under RCFC 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, that states a plausible claim for relief. *See Connolly-Lohr v. United States*, 112 Fed. Cl. 350, 352 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When considering a motion to dismiss under RCFC 12(b)(6), courts must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the pleader's favor. *Perez v. United States*, 156 F.3d 1366, 1370 (Fed. Cir. 1998). If the facts alleged in the complaint do not entitle the plaintiff to a legal remedy, the complaint may be dismissed for failure to state a claim upon which relief can be granted. *Southfork Sys., Inc. v. United States*, 141 F.3d 1124, 1131 (Fed. Cir. 1998); *Connolly-Lohr*, 112 Fed. Cl. at 352 (citing RCFC 12(b)(6)).

3

## ANALYSIS

### A. Constitutionality of Maintenance Fees

The Constitution grants Congress the power "to promote the progress of science and useful arts by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries." U.S. Const. art I, § 8, cl. 8. Ms. Lucree concedes that the Intellectual Property Clause authorizes Congress to impose conditions on patent applications, but she contends that it does not empower Congress to place conditions on patents after they have been issued. Compl. at 12. She argues that post-issuance conditions like maintenance fees are unconstitutional because they are derived from European patent laws rather than the Constitution,[4] and because they detract, rather than promote, scientific progress by burdening patent applicants with added costs and the threat of early expiration for nonpayment. *See* Compl. at 9-16; *see also* Pl.'s Opp'n at 6-8.[5]

The government avouches that "'maintenance fees and the patent system put in place by Congress . . . do not conflict with the Constitution.'" Def.'s Mot. at 6 (quoting *Korsinsky v. Dudas*, 227 Fed. Appx. 891, 894 (Fed. Cir. 2007)). Rather, the Constitution grants Congress discretion to determine which patent policies and practices will best promote scientific progress. *Id.* at 5 ("'[T]he powers of Congress to legislate on the subject of patents is plenary by the terms of the Constitution.'") (quoting *McClurg v. Kingsland*, 42 U.S. (1 How.) 202, 206 (1843)). The right to a patent, the government contends, is statutory, and Congress is constitutionally authorized to impose monetary conditions on it. *Id.* at 5-6 (citing *Graham v. John Deere Co.*, 383 U.S. 1, 6 (1966); *Boyden v. Commissioner of Patents*, 441 F.2d 1041, 1043-44 (D.C. Cir. 1971); and *Giuliani v. United States*, No. 88-00287 ACK, 1988 WL 97455, at *1 (D. Haw. Aug. 1, 1988), *aff'd*, 878 F.2d 1444 (Fed. Cir. 1989)).

---

[4]Ms. Lucree contends that Congress adopted the Paris Convention, not the United States Constitution, as its guide for patent legislation, Pl.'s Opp'n at 5, and based its authority to prescribe maintenance fees on the "European Method," *id.* at 9.

[5]Ms. Lucree also posits two additional arguments for the unconstitutionality of maintenance fees. First, she argues that maintenance fees impermissibly impose additional requirements on patentees, *i.e.*, entrepreneurship and commercial success. Pl.'s Opp'n at 7-8. However, as the government notes, all patentees are required to pay maintenance fees, regardless of the commercial value of their patents. Def.'s Mot. at 7 n.5. It is up to the patent-holder to decide whether the patent is worth maintaining. *Id.* Thus, while maintenance fees force patent-holders to make a choice, they do not bind them to any additional requirements apart from payment of the specified fee, rendering Ms. Lucree's argument unpersuasive.

Second, she argues that maintenance fees are unconstitutional because the fees are used to pay the expenses of future applications by the Patent Office, which Ms. Lucree alleges is on a self-sustaining budget. Compl. at 17. This argument also is without merit. "Congress'[s] determination of federal spending priorities and how the patent system fits into national economic development goals is an eminently rational exercise of its power." *Figueroa v. United States*, 66 Fed. Cl. 139, 152 (2005), *aff'd*, 466 F.3d 1023.

4

Given the broad terms of the Intellectual Property Clause of the Constitution, any condition Congress imposes on patents need only be rationally related to the promotion of progress in science and the useful arts to survive judicial scrutiny. *Figueroa*, 66 Fed. Cl. at 152. While Ms. Lucree contends that Congress's imposition of maintenance fees gives greater prominence to European practice than the terms of the Constitution, and imposes a post-issuance condition on a patent, nothing in the Constitution forecloses Congress from requiring such fees, which rationally relate to the promotion of scientific progress.[6]

## B. Takings

In addition to challenging the constitutionality of maintenance fees, Ms. Lucree contends that Congress's imposition of such fees resulted in an unconstitutional taking of her private property, for which she now seeks just compensation. Compl. at 16.[7] She alleges that she had complied with all of the requirements for patent issuance, giving her a cognizable property right in her patent, independent of any additional post-issuance congressional conditions. Compl. at 17-18. She accordingly avers that she should be compensated for all lost profits incurred by the early expiration of her patent. *Id.* at 21. The government maintains that there is no taking because the patent privilege does not exist independent of congressional conditions, including post-issuance maintenance fees, meaning that Ms. Lucree had no property to be taken by the government after she failed to pay the third installment of those fees. Def.'s Mot. at 7-8.

It is undisputed that Ms. Lucree had a property interest in her patent. That property interest, however, was subject to the terms and conditions set by Congress, including maintenance fees.[8] Because Ms. Lucree did not pay the final maintenance fee due on her patent,

---

[6]Congress explained its adoption of maintenance fees as "ha[ving] the advantage of deferring payment until the invention begins to return revenue to the inventor. Should the invention prove to have no commercial value, the inventor has the option of permitting the patent to lapse, thus avoiding further fees." H.R. Rep. No. 96-1307(I), at 4-5 (1980), *reprinted in* 1980 U.S.C.C.A.N. 6460, 6463-64; *see* Def.'s Mot. at 7 n.5.

[7]Ordinarily, claimants must concede the validity of the government action underlying their takings claims. *See Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802 (Fed. Cir. 1993). Nonetheless, "[a] claim in our court for just compensation due to a taking is not defeated merely because a property owner believes that the government action that allegedly took his property was for other reasons invalid – or even because he goes so far as to challenge its validity. As the Federal Circuit has explained, 'a court's conclusion that government agents acted unlawfully does not defeat a Tucker Act takings claim if the elements of a taking are otherwise satisfied.'" *Bailey v. United States*, 78 Fed. Cl. 239, 253-54 (2007) (quoting *Del-Rio Drilling Programs, Inc. v. United States*, 146 F.3d 1358, 1363 (Fed. Cir. 1998)). Accordingly, Ms. Lucree's takings claim is not precluded by her constitutional challenge.

[8]As the government notes, a similar complaint filed in 2006 was dismissed under Rule 12(b)(6) for failure to state a claim. *See Michels v. United States*, 72 Fed. Cl. 426 (2006). In *Michels*, the court held that Congress had the authority to impose conditions, including maintenance fees, on patents, and that an early expiration of patents due to nonpayment did not

5

the early expiration of her patent did not constitute a taking by the government, but rather was consequence for her failure to fulfill the requirements upon which her patent was conditioned. These circumstances do not entitle Ms. Lucree to legal relief, and her complaint may be properly dismissed for failure to state a claim.[9]

## CONCLUSION

For the reasons set forth above, the government's motion to dismiss Ms. Lucree's complaint pursuant to RCFC 12(b)(6) is GRANTED.

The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Judge

---

constitute a taking of property for purposes of the Fifth Amendment. *Id.* at 430 (citing *Figueroa v. United States*, 57 Fed. Cl. 488 (2003)). The court refrained, however, from ruling on the constitutionality of maintenance fees given that it was raised for the first time in the plaintiff's response to the government's motion to dismiss. *Id.* at 431-432. The court in *Michels* nonetheless stated that had the issue been properly pled, it would have failed on the merits. *Id.* at 432.

[9]Ms. Lucree's complaint also challenges the constitutionality of publishing patent applications eighteen months after filing and the Patent Office's transition to the "first to file" system, both of which she contends harm small businesses and independent inventors. Compl. at 18-21. This challenge is hypothetical; Ms. Lucree acknowledges that the "first to file" system is not pertinent to her claims in this action. Compl. 20-21. Consequently, Ms. Lucree fails to establish that she has standing to bring these claims. *See, e.g., Madstad Eng'g, Inc. v. United States Patent & Trademark Office*, __ F.3d __, __, 2014 WL 2938080, at *1, *13 (Fed. Cir. July 1, 2014) (holding that a plaintiff did not have standing to challenge the "first to file" system where its alleged harms were speculative and not actual). Nonetheless, even if standing were found, these claims would fail on the merits, given the court's deference to congressional discretion over patent legislation.

6

# In the United States Court of Federal Claims

**No. 14-308 C**

**TERESA NAN LUCREE**

**JUDGMENT**

     **v.**

**THE UNITED STATES**

Pursuant to the court's Opinion and Order, filed July 31, 2014, granting defendant's motion to dismiss pursuant to RCFC 12(b)(6),

IT IS ORDERED AND ADJUDGED this date, pursuant to Rule 58, that the complaint is dismissed. No costs.

Hazel C. Keahey
Clerk of Court

**July 31, 2014**       By:   s/ Debra L. Samler

Deputy Clerk

<u>NOTE</u>: As to appeal, 60 days from this date, see RCFC 58.1, re number of copies and listing of <u>all plaintiffs</u>.  Filing fee is $505.00.

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 14th day of October, 2014, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Matthew P. Roche
DEPARTMENT OF JUSTICE
 COMMERCIAL LITIGATION BRANCH,
 CIVIL DIVISION
Post Office Box 480
Ben Franklin Station
Washington, DC  20044
(202) 616-0466

*Counsel for Appellee*

Upon acceptance by the Clerk of the Court of the electronically filed document, the required number of copies of the Brief of Appellant will be hand filed at the Office of the Clerk, United States Court of Appeals for the Federal Circuit in accordance with the Federal Circuit Rules.

/s/ Frank A. Lukasik
*Counsel for Appellant*

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of Fed. R. App. P.
        28.1(e)(2) or 32(a)(7)(B) because:

        [ X ] this brief contains [*3,235*] words, excluding the parts of the brief
        exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

        [    ] this brief uses a monospaced typeface and contains [*state the number
        of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P.
        32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P.
        32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

        [ X ] this brief has been prepared in a proportionally spaced typeface using
        [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

        [    ] this brief has been prepared in a monospaced typeface using [*state
        name and version of word processing program*] with [*state number of
        characters per inch and name of type style*].


Dated: October 14, 2014                          /s/ Frank A. Lukasik
                                                 *Counsel for Appellant*